1    Brent D. Sokol (State Bar No. 167537)
     bdsokol@jonesday.com
2    John J. Kim (State Bar No. 211594)
     jjkim@jonesday.com
3    Robert J. Kang (State Bar No. 223260)
     rkang@jonesday.com
4    bdsokol@jonesday.com
     JONES DAY
5    555 South Flower Street
     Fiftieth Floor
6    Los Angeles, CA 90071-2300
     Telephone:  (213) 489-3939
7    Facsimile:   (213) 243-2539

**NOTE CHANGES MADE BY THE COURT**

8    Attorneys for Plaintiff
9    MUNHWA BROADCASTING CORP., DBA MBC
     AMERICA

```
          FILED
CLERK, U.S. DISTRICT COURT

      JAN - 9 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

10    TOWNSEND AND TOWNSEND AND CREW LLP
11    Anthony J. Malutta (State Bar No. 193587)
     ajmalutta@townsend.com
12    JUDITH M. SCHVIMMER (State Bar No. 230285)
     jmschvimmer@townsend.com
13    Two Embarcadero Center, 8th Floor
     San Francisco, California 94111
     Telephone:  (415) 576 - 0200
14    Facsimile:   (415) 576 - 0300

15    Attorneys for Defendant
16    SOLAFIDE, INC.

17            UNITED STATES DISTRICT COURT

18            CENTRAL DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20   MUNHWA BROADCASTING CORPORATION, a Korean corporation, dba MBC AMERICA, | Case No. SACV 07-0699 DOC (ANx) |
| 22           Plaintiffs, | Assigned for all purposes to Hon. David O. Carter |
| 23      v. | ~~[PROPOSED]~~ JOINT STIPULATED PROTECTIVE ORDER |
| 24   SOLAFIDE, INC., a California corporation, | |
| 26           Defendant. | Complaint Filed:    June 15, 2007 |
| | Counterclaim Filed:  July 9, 2007 |
| 27   SOLAFIDE, INC., a California corporation, | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Counter-Plaintiff,

v.

MUNHWA BROADCASTING
CORPORATION, a Korean
corporation, dba MBC AMERICA,

Counter-Defendant.

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

1   Plaintiff Munhwa Broadcasting Corporation ("MBC") and Defendant
2   Solafide, Inc. ("Solafide"), by and through their respective counsel, hereby stipulate
3   to the entry of the following Protective Order pursuant to Federal Rule of Civil
4   Procedure 26(c). IT IS HEREBY ORDERED AS FOLLOWS:

5   **1.      Form of Information Governed**

6   This Order shall govern any document, information or other thing which is
7   designated as containing "Confidential Information" as defined herein, and is
8   furnished by any party or nonparty to any party in connection with this action.

9   **2.      Definition of Confidential Information**

10  (a)     The term "Confidential Information" shall be interpreted to mean trade
11  secrets, other confidential and proprietary technical, research, or development
12  information, commercial, financial, budgeting and/or accounting information,
13  information about existing and potential customers, marketing studies, strategies,
14  performance, and projections, business strategies, decisions and/or negotiations,
15  personnel compensation, evaluations and other employment information, and
16  confidential and proprietary information about affiliates, parents, subsidiaries and
17  third parties with whom the Parties to this action have had business relationships,
18  and any other information that is reasonably believed by the producing party or
19  non-party to be non-public, proprietary or confidential information.

20  (b)     The scope of this Order shall be understood to encompass not only
21  those items or things which are expressly designated as Confidential Information,
22  but also any information derived therefrom, and all copies, excerpts, and summaries
23  thereof, as well as testimony and oral conversation derived therefrom or integrally
24  related thereto.

25  (c)     The parties agree to treat as confidential any information produced by
26  a third party if (i) the third party has marked the documents or things produced as
27  confidential or otherwise designated the information as confidential in the manner

28

1

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
CASE NO. SACV 07-0699 DOC (ANX)

1   set forth in this Protective Order and (ii) the documents or things produced fall

2   within the definition of Confidential Information.

3       **3.   Designated Material**

4       (a)   In this action, any person or entity or party to this action or third-party

5   witness (including counsel for the party or witness) (hereinafter the "Designating

6   Person") (i) producing, formally or informally, information or material, including

7   information from the inspection of files, documents, and facilities, and documents

8   obtained or received by outside counsel for either party pursuant to pretrial

9   discovery in this action from any other party or third-party witness, in response to a

10  discovery request or otherwise, or (ii) lodging with the Court any information or

11  material, may designate such information or material as Confidential Information

12  under this Order. All such information and material and all information or material

13  derived from any such designated information or material constitutes "Designated

14  Material" under this Order. The form of information protected includes, but is not

15  limited to, documents and things, responses to requests to produce documents or

16  other things, responses to interrogatories, responses to requests for admissions,

17  deposition testimony and exhibits, and all copies, extracts, summaries,

18  compilations, designations and portions thereof.

19      (b)   The designation shall be made by marking the material either

20  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," or, in

21  the case of information from the inspection of files, documents, or facilities, by

22  informing the inspecting party that the information is either "CONFIDENTIAL" or

23  "CONFIDENTIAL - ATTORNEYS EYES ONLY" in writing.

24      (c)   The "CONFIDENTIAL – ATTORNEYS EYES ONLY" classification,

25  being more highly protective of disclosure than the "CONFIDENTIAL"

26  classification, governs information that would materially affect the business,

27  financial, or commercial interests of the person producing such material if such

28  information is disclosed. Types of materials that may be entitled to protection

1   under the "CONFIDENTIAL – ATTORNEYS EYES ONLY" designation include,
2   but are not limited to, business plans, marketing plans (including marketing
3   surveys, strategies, performance, and projections), financial statements (including
4   budgets, sales or profit projections or reports, profit and loss statements, balance
5   sheets and income statements), customer lists or any other document that identifies
6   the producing party's customers or potential customers and/or the terms of any
7   relationships with the customers of a producing party, documents that identify the
8   terms of any relationships with the suppliers of a producing party, technical
9   drawings and specifications, and documents related to the development of products.
10       (d)    Designation of information or material as "CONFIDENTIAL" or
11   "CONFIDENTIAL - ATTORNEYS EYES ONLY" under this Protective Order
12   shall not create or alter any presumptions of confidentiality.
13       (e)    Whenever only a portion of a document or thing is properly deemed
14   "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" under
15   this Protective Order, the Designating Person shall, to the extent practicable, limit
16   the designation to such portion of the material.
17       **4.    Access**
18       Designated Material is subject to this Protective Order and shall be retained
19   by receiving party's outside counsel, and neither the document nor other material so
20   designated, nor the information disclosed therein, shall be disclosed to or used by
21   any non-designating party or other person other than as provided below:
22       (a)    Material designated "CONFIDENTIAL" shall be disclosed only to (1)
23   the Court under seal, (2) the parties' respective outside counsel (including support
24   staff as reasonably necessary), (3) outside stenographic court reporters and
25   language translators (including support staff as reasonably necessary), (4) the
26   named party or officers or employees of a named party who are reasonably needed
27   to assist outside counsel, (5) the authors, senders, addressees and designated copy
28   recipients of any document or thing which has been designated as

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

1  "CONFIDENTIAL" information, (6) such other individuals as the parties may

2  stipulate in writing, and (7) the additional individuals listed in items (i) through (iii)

3  below, provided that such individuals have read this Stipulation and Protective

4  Order and signed an Undertaking in the form attached as Exhibit A which shall be

5  retained in the files of outside counsel, except where otherwise indicated:

6          (i)      outside litigation support vendors;

7          (ii)     independent outside consultants or experts retained by the

8      attorneys to the extent deemed necessary by said attorneys for purposes of

9      litigation; and

10         (iii)    non-party fact witnesses in a deposition.  If, however, the

11     attendance of a non-party fact witness at a deposition can only be obtained

12     through compulsory process, the witness need not execute the attached

13     Exhibit A provided that: (1) the witness acknowledges his/her obligation to

14     maintain the confidentiality of "CONFIDENTIAL" information under oath;

15     and (2) such "CONFIDENTIAL" information may only be shown to the

16     witness during the deposition.

17     (b)    Material designated "CONFIDENTIAL - ATTORNEYS EYES

18  ONLY" shall be disclosed only to (1) the Court under seal, (2) the parties'

19  respective outside counsel (including support staff as reasonably necessary), (3)

20  outside stenographic court reporters and language translators (including support

21  staff as reasonably necessary), (4) the authors, senders, addressees and designated

22  copy recipients of any document or thing which has been designated as

23  "CONFIDENTIAL-ATTORNEYS EYES ONLY" information, (5) such other

24  individuals as the parties may stipulate in writing, and (6) the additional individuals

25  listed in items (i) and (ii) below, provided that such individuals have read this

26  Stipulation and Protective Order and signed an Undertaking in the form attached as

27  Exhibit A which shall be retained in the files of outside counsel, except where

28  otherwise indicated:

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

(i) outside litigation support vendors; and

(ii) independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation.

(c) Notwithstanding the forgoing paragraph 4(b), in the event a producing party or a third party elects to produce documents or other materials for inspection, no markings need be made by the producing party or third party in advance of the inspection. All such documents or other materials may be temporarily designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" and shall be treated by the inspecting party as if they were so marked. After selection by the inspecting party of specified documents or material for copying, the producing party shall make its designation under this Protective Order, if any, and the party making copies shall ensure that any copies include any designation made by the producing party.

(d) The persons described in Paragraphs 4(a)(i-iii) and 4(b)(i-ii) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Undertaking attached hereto as Exhibit A. Once a person has executed the Undertaking, it shall not be necessary for that person to sign a separate Undertaking each time that person is subsequently given access to confidential material.

(e) Designated Material shall not be used by a recipient thereof or disclosed for any purposes other than for litigation of this action.

(f) Court Reporters and Interpreters. Court reporters and interpreters, such as may be present at depositions, shall be presented with a copy of this Protective Order and acknowledge the obligation to be bound by its terms.

1      (g)    Copies.  Copies and extracts may be made by or for the foregoing

2  persons, provided that all copies and extracts are appropriately marked.  All copies

3  and extracts are subject to paragraph 10 of this Order.

4      (h)    Derivative Documents.  Documents created in whole or in part with

5  information derived from documents designated under this Protective Order shall

6  be designated in the same manner as the source documents.

7      (i)    Party's Own Information.  The restrictions on the use of Confidential

8  Information established by this Protective Order are applicable only to the use of

9  Confidential Information received by a party from another party, or from a nonparty

10  who has claimed its disclosure is confidential.

11      (j)    Authors and Addressees.  The designation of any document or thing as

12  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall

13  not preclude any party from showing the document to any person who appears as an

14  author, addressee or recipient on the face of the document.

15      **5.**    **Designating Documents and Materials**

16      When a party producing documents or things wishes to designate some

17  portion as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES

18  ONLY," such designation shall be made in the following manner:  (1) For

19  documents, by placing an appropriate legend on each page of the document; (2) For

20  tangible objects, by placing a label or tag on the object or the container therefor, or

21  if not practicable, as otherwise agreed; (3) For written discovery responses, by

22  providing any portion thereof containing Confidential Information in a separate

23  document, appended to the main body of the response (appropriately marked in

24  accordance with paragraph 3(b) hereof) and incorporated by reference therein;

25  (4) For declarations or pleadings, in writing in the declaration or pleading and on

26  the face of any such declaration or pleading; (5) For depositions, following the

27  procedure set forth in paragraph 6 ; and (6) For oral disclosures (other than

28  deposition testimony) which are the subject of paragraph 2(b) above, by oral

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

1  communication contemporaneous with the disclosure followed by confirmation in
2  writing within 14 calendar days of the disclosure thereof.

3      **6.    Designating Depositions**

4      (a)    Deposition transcripts or portions thereof may be designated as
5  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by a
6  Designating Person either:  (i) during the deposition, in which case the transcript of
7  the designated testimony shall be transcribed on separate pages and marked by the
8  reporter, as the Designating Person may direct, or (ii) by captioned, written notice
9  to the reporter and all counsel of record, given within ten days after the reporter
10  sends written notice that the transcript is available for review, in which case the
11  court reporter shall mark the designated portion in the original transcript as though
12  that portion was timely designated during the deposition session.  Counsel receiving
13  such notice shall be responsible for destroying any copies of the improperly
14  designated transcript or portion thereof in their possession or control upon the
15  availability of the properly designated transcript from the court reporter.
16  Notwithstanding the foregoing, all deposition transcripts and exhibits not
17  previously produced shall be treated as if they had been designated
18  "CONFIDENTIAL - ATTORNEYS EYES ONLY" until ten days after the reporter
19  sends written notice that the transcript is available for review and signature by the
20  witness.

21      (b)    Where testimony is designated at a deposition, the Designating Person
22  may exclude from the deposition all persons other than those to whom the
23  Designated Material may be disclosed under paragraph 4 of this Order.  The failure
24  of such other persons to comply with a request of this type shall constitute
25  substantial justification for outside counsel to advise the witness he need not answer
26  a question seeking the revelation of confidential information.

27      (c)    Any party may mark Designated Material as a deposition exhibit and
28  examine any witness thereon, provided that the deposition witness is one to whom

- 7 -

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

1  the exhibit may be disclosed under paragraph 4 of this Order.  In addition,

2  Designated Material may be used by the receiving or non-designating parties in

3  deposing the Designating Person, and in deposing any directors, officers,

4  employees, agents, or attorneys of such Designating Person.

5     **7.    Designation Challenges**

6        A party may challenge any other party's designation of information or

7  materials produced herein as "CONFIDENTIAL" or "CONFIDENTIAL –

8  ATTORNEYS EYES ONLY" by serving a written objection upon the producing

9  party.  The parties shall confer in good faith as to the validity of the designation

10  within five (5) days after the challenging party has received the notice of the bases

11  for the asserted designation.  To the extent the parties are unable to reach an

12  agreement as to the designation, the objecting party may make an appropriate

13  application to this Court within fifteen (15) days after conferring with the producing

14  party, with confidential portions thereof to be kept under seal, requesting that

15  specifically identified documents, information, and/or deposition testimony be

16  excluded from the provisions of this Protective Order or downgraded in terms of

17  the degree of protection provided.  Failure to make an application within this period

18  shall constitute a waiver of the objection.  Until a dispute over the asserted

19  designation is finally resolved by the parties or the Court, all parties and persons

20  shall treat the information or materials in question as designated as

21  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

22     **8.    Court Procedures**

23        In accordance with Local Rule 79-5.1, in applications and motions to the

24  Court, all submissions of Designated Material shall be filed with the Court in sealed

25  enclosures on which shall be affixed the title of the particular action, the title of the

26  document,  the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS

27  EYES ONLY" and a statement substantially in the following form:

28

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

1    "THIS ENVELOPE CONTAINS MATERIALS
2    SUBJECT TO A PROTECTIVE ORDER ENTERED IN
3    THIS ACTION. IT IS NOT TO BE OPENED NOR ARE
4    ITS CONTENTS TO BE DISPLAYED, REVEALED OR
5    MADE PUBLIC, EXCEPT BY ORDER OF THE
6    COURT."

7    Unless otherwise ordered by the Court, any hearing which may refer to or

8    describe Designated Material shall be held only after appropriate steps are taken to

9    ensure that the confidentiality of the information is preserved during the hearing.

10    **9.    Exceptions**

11    The restrictions on dissemination of Confidential Information contained

12    herein shall not apply to information which, prior to disclosure hereunder, is either

13    in the possession or knowledge of the receiving party or person who, absent this

14    Order is under no restriction with respect to the dissemination of such confidential

15    information, or to information which is public knowledge or which, after

16    disclosure, becomes public knowledge other than through an act or omission of a

17    party receiving the information designated under this Order.

18    **10.    No Prejudice**

19    (a)    Nothing in this Order shall be construed as requiring disclosure of

20    privileged materials, materials subject to protection under the work product

21    doctrine, or materials which are otherwise beyond the permissible scope of

22    discovery. This Order is intended to provide a mechanism for the handling of

23    Confidential Information to which there is not objection to producing or disclosing

24    other than as to its confidentiality.

25    (b)    Nothing in this Order shall preclude any party from seeking and

26    obtaining additional or different protection with respect to the confidentiality of

27    discovery.

28

- 9 -

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

(c)    This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(d)    The acceptance of Designated Material shall not constitute an admission or concession or permit an inference that the Confidential Information is, in fact, confidential.

(e)    This Order shall be without prejudice to the right of any receiving party or persons to bring before the Court at any time the question of whether any particular information is properly categorized.

(f)    The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall rest on the party making such designations.

(g)    A party may seek to make late designations of discovery by stipulation or court order if the party failed to make a timely designation through mistake or inadvertence.

(h)    In the event that any Confidential Information is disclosed, either willfully or inadvertently, by a receiving party in contravention of this Order the Confidential Information shall not lose its status through such disclosure and the disclosing party shall take all steps reasonably required to assure its continued confidentiality.

**11.    Final Disposition**

(a)    Upon final termination of this action, each receiving party shall be under an obligation to assemble and return to the producing party all Designated Material produced in the terminated action that contains confidential information still subject to this Protective Order, including Derivative Documents and all copies thereof; provided, however, outside counsel of record may elect to destroy any such materials.

1     (b)    Notwithstanding the provisions of paragraph 12(a), outside counsel for

2   a receiving party may retain one copy of pleadings, attorney and consultant work

3   product, Designated Materials and depositions taken in this action which contain

4   confidential information that remains subject to this Protective Order.

5   **12.   Modification and Survival**

6      The restrictions imposed by this Order may only be modified or terminated

7   by written stipulation of all parties or by order of this Court.  This order shall

8   survive termination of this action.

9   **13.   Jurisdiction of this Court**

10      The Court's jurisdiction to enforce the terms of this Order expires six months

11   after final termination of the action.

12   *//*

13   *//*

14   *//*

15   *//*

16   *//*

17   *//*

18   *//*

19   *//*

20   *//*

21   *//*

22   *//*

23   *//*

24   *//*

25   *//*

26   *//*

27   *//*

28

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)

1

2    Dated:  December 24, 2007

3

4

5

6

7    Dated:  December 21, 2007

8

9

10

11

12

13

14

15

16

17   IT IS SO ORDERED.

18   Dated: _____

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

JONES DAY

By: _____
      Brent D. Sokol

Attorneys for Plaintiff
MUNHWA BROADCASTING CORP.,
dba MBC AMERICA

TOWNSEND & TOWNSEND &
CREW LLP

By: _____
      Anthony J. Malutta, Esq.

      Judith M. Schvimmer, Esq.

Attorneys for Defendant
SOLAFIDE, INC., a California
corporation

_____
United States District Judge

- 12 -

1

## <u>ORDER</u>

2        **FOR GOOD CAUSE SHOWN,** the foregoing Protective Order, requested by stipulation

3   of the parties, is hereby entered.

4        Documents subject to this order may be filed under seal only by specific order of the Court.

5   If a party desires to file a document subject to this order under seal, the party shall submit a

6   stipulation signed by all parties explaining specifically what documents are at issue and why they

7   deserve heightened protection from disclosure.  If the parties are unable to reach a stipulation, the

8   party desiring the file under seal may submit an *ex parte* application, explaining both why the Court

9   should allow the filing to be under seal and also why the parties were unable to reach a stipulation.

10  Only in exceptional circumstances will the Court allow briefs to be filed under seal.

11       **IT IS SO ORDERED.**

12

13  Dated: 1/4/07

14                                                  DAVID O. CARTER
                                                    United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT TO JOINT STIPULATED PROTECTIVE ORDER

I, _____, hereby declare:

  1. I have received a copy of the Joint Stipulated Protective Order, which is attached hereto and has been entered by the Court ("Protective Order").

  2. I have read the Protective Order and am fully familiar with its terms.

  3. I agree to comply with, and be bound by, the Protective Order until relieved by further Order of the Court or by written agreement of the parties.

  4. I agree to submit to jurisdiction of this Court if any dispute arises over my use of the Confidential Information covered under the Protective Order or over any other issues raised under the Protective Order.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

  Executed this ___ day of _____, at _____, _____.

_____
(Signature)

[PROPOSED] JOINT STIPULATED
PROTECTIVE ORDER
Case No. SACV 07-0699 DOC (ANx)